**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BECKY E. RONQUILLO,<br><br>        Plaintiff,<br><br>    v.<br><br>UNIVERSAL RECOVERY<br>CORPORATION,<br><br>        Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

NOW comes BECKY E. RONQUILLO ("Plaintiff"), by and through her attorneys, WAJDA LAW GROUP, APC ("Wajda"), complaining as to the conduct of UNIVERSAL RECOVERY CORPORATION ("Defendant"), as follows:

**NATURE OF THE ACTION**

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.*, for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2.   This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of California and a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of California.

**PARTIES**

4.   Plaintiff is a consumer over-the-age of 18 residing in Tulare County, California, which is located within the Eastern District of California.

5.   Defendant promotes itself as "[t]he number one choice in debt recovery[.]"[1] Defendant is a corporation organized under the laws of the State of California and its principal place of business is located at 2880 Sunrise Boulevard, Suite 138, Rancho Cordova, California 95742. Defendant regularly collects from consumers in the State of California.

6.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7.   The instant action stems from Defendant's attempts to collect upon a defaulted consumer debt ("subject debt") that Plaintiff purportedly owes to R-N Market. Plaintiff incurred the subject debt to purchase personal goods.

8.   Plaintiff made a payment to R-N Market by check, which was allegedly returned for non-sufficient funds in Plaintiff's bank account.

---

[1] http://www.universalrecovery.com/

2

9.   On or around December 9, 2019, Defendant mailed or caused to be mailed a dunning letter to Plaintiff in an attempt to collect upon the subject debt.

10.  Defendant outlined in its "dunning" letter that it was seeking to collect an outstanding balance of $191.24 for the subject debt, which also included a service charge and cost for sending correspondence via certified mail.

11.  This "dunning" letter provided the language required under § 1692g of the FDCPA, including the portion: "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt, or any portion thereof, this debt will assume this debt is valid."

12.  Defendant further warned Plaintiff of her potential liability under the California Civil Code, Section 1719(A), for allegedly issuing a check that was dishonored.

13.  Subsequently, Defendant telephonically contacted Plaintiff in order to collect upon the subject debt.

14.  Upon speaking with Defendant, Plaintiff was informed of Defendant's intent to collect upon the subject debt.

15.  Plaintiff informed Defendant of her inability to make a payment, to which Defendant responded by relentlessly mocking and harassing Plaintiff for lacking the means to address the subject debt.

16.  Thereafter, on or around January 13, 2020, Defendant mailed or caused to be mailed another collection letter to Plaintiff in order to collect upon the subject debt.

17.  In its January 13th letter, Defendant represented that it was entitled to also collect $480.72 in statutory damages  pursuant to California Civil Code, Section 1719(A).

18.  Upon information and belief, the "statutory damages" Defendant was attempting to collect were not adjudicated at the time Defendant mailed its January 13th letter.

19.   Moreover, Defendant also failed to identify itself as a debt collector on multiple occasions when it communicated with Plaintiff.

20.   Frustrated over Defendant's conduct, Plaintiff spoke with Wajda regarding her rights, resulting in expenses.

21.   Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22.   Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation, and emotional distress.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23.   Plaintiff repeats and realleges paragraphs 1 through 22 as though full set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

27. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a.   Violations of FDCPA §1692d

28. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(2) forbids "[t]the use of obscene language or language the natural consequence of which is to abuse the hearer or reader."

29. Defendant violated 15 U.S.C. §1692d and d(2) when it used harassing debt collection methods to collect upon the subject debt. The harassing nature of Defendant's collection campaign

4

is highlighted by its unprofessional conduct after Plaintiff explained that she could not make a payment. Moreover, Defendant harassed and abused Plaintiff by mocking her for failing to make a payment towards the subject debt.

### b. Violations of FDCPA § 1692e

30. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2);

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5);

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10); and

> "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C. §1692e(11).

32. Defendant violated 15 U.S.C. §§ 1692e, e(2), e(5), and e(10) by falsely representing in its collection letter that it had the ability to collect statutory damages absent a formal adjudication. § 1692e prohibits a debt collector from falsely or misleadingly representing that it *could* add and/or collect such "statutory damages." Defendant's actions only served to worry and confuse Plaintiff.

33. Defendant violated 15 U.S.C. §§ 1692e, e(10), and e(11) through its failure to disclose itself as a debt collector. By failing to disclose itself as a debt collector, Defendant deceptively and misleadingly attempted to obscure Plaintiff's rights under the FDCPA. Consequently, Defendant's

objective was to obfuscate its status as a debt collector in order to prevent Plaintiff from enforcing her rights.

### c.   Violations of FDCPA § 1692f

34. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35. In addition, this section enumerates specific violations, such as:

> "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f(1).

36. Defendant violated §1692f and f(1) when it unfairly suggested that it could collect "statutory damages" absent an adjudication. Because Defendant was precluded from adding these statutory damages to the balance of the subject debt, the above referenced portions of the collection letter violate the FDCPA.

37. Defendant further violated §1692f when it unfairly and unconscionably attempted to collect on a debt by concealing its status as a debt collector. Failing to disclose itself as a debt collector is an unfair and unconscionable act intended to confuse Plaintiff regarding the status and identity of the debt collector and unlawfully designed shield itself from any potential retaliation.

38. As pled in paragraphs 20 through 22, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, BECKY E. RONQUILLO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.   Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

39. Plaintiff restates and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

41. The subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

42. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

### a. Violations of RFDCPA § 1788.10 – 1788.17

43. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

44. As outlined above, through their conduct in attempting to collect upon the subject consumer debt, Defendant violated 1788.17; and 15 U.S.C. §§1692d, e, and f of the FDCPA. Defendant engaged in deceptive and noncompliant conduct in its attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

45. Defendant willfully and knowingly violated the RFDCPA through its egregious collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable

7

Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, BECKY E. RONQUILLO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.  Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c.  Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d.  Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e.  Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f.  Award any other relief as the Honorable Court deems just and proper.

Dated: February 18, 2020            Respectfully submitted,

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-mail: nick@wajdalawgroup.com